T.C. Memo. 2000-320


UNITED STATES TAX COURT


ROBERT C. MacELVAIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16631-99L.                    Filed October 13, 2000.


Robert C. MacElvain, pro se.

<u>John F. Driscoll</u> and <u>Kerry Bryan</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion for Partial Summary Judgment, filed
pursuant to Rule 121.[1]  As explained below, we shall grant
respondent's motion.

--------------------------------

[1]  All Rule references are to the Tax Court Rules of
Practice and Procedure, and all section references are to
sections of the Internal Revenue Code, as amended.

Background

From 1984 through 1990, petitioner commenced four cases in this Court for the redetermination of deficiencies in Federal income taxes and additions to tax for each of the four taxable years 1980 through 1983. See sec. 6213(a). A description of each of those four cases follows herein:

A. Taxable Year 1980

On June 15, 1984, respondent issued a notice of deficiency to petitioner determining a deficiency of $576,896 in his Federal income tax for 1980. Respondent also determined that petitioner was liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations.

On October 29, 1984, petitioner filed a petition with the Court (assigned docket No. 37347-84) contesting the notice of deficiency for 1980.[2] In February 1986, shortly before petitioner's case was scheduled for trial, petitioner entered into a stipulated decision with respondent agreeing to a deficiency in income tax and an addition to tax under section 6653(a) for 1980 in the amounts of $190,291 and $9,515, respectively. Petitioner subsequently filed a motion to vacate the stipulated decision. In MacElvain v. Commissioner, T.C.

---

[2] The petition was timely filed within the 150-day period prescribed by sec. 6213(a).

There is no support in the record for petitioner's assertion that he did not file a petition for 1980 until May 22, 1986.

Memo. 1987-366, the Court denied petitioner's motion to vacate.

Petitioner did not file any notice of appeal in docket No. 37347-84. Accordingly, the Court's decision in that docket has long been final. See secs. 7481(a)(1), 7483.

B. <u>Taxable Year 1981</u>

On August 19, 1988, respondent issued a notice of deficiency to petitioner determining a deficiency of $205,662 in his Federal income tax for 1981. Respondent also determined that petitioner was liable for additions to tax for such year under section 6653(a)(1) and (2) for negligence or intentional disregard of rules and regulations.

On November 16, 1988, petitioner filed a timely petition with the Court (assigned docket No. 29751-88) contesting the notice of deficiency for 1981. On July 20, 1989, the Court entered an Order of Dismissal and Decision, sustaining respondent's determinations for 1981 on the ground that petitioner had failed to properly prosecute his case and had failed to comply with a prior order of the Court. The Court subsequently denied petitioner's Motion to Vacate its order of dismissal.

Petitioner did not file any notice of appeal in docket No. 29751-88. Accordingly, the Court's decision in that docket has long been final. See secs. 7481(a)(1), 7483.

C. Taxable Year 1982

On June 12, 1989, respondent issued a notice of deficiency to petitioner determining a deficiency in and additions to his Federal income tax for 1982. On September 5, 1989, petitioner filed a timely petition with the Court (assigned docket No. 21830-89) contesting the notice of deficiency for 1982. On May 17, 1991, the Court entered a stipulated decision that petitioner was liable for a deficiency in income tax in the amount of $36,016, an addition to tax under section 6653(a)(1) in the amount of $1,800.80, an addition to tax under section 6653(a)(2) in an amount equal to 50 percent of the interest due on the deficiency, and an addition to tax under section 6661 for substantial understatement of liability in the amount of $9,004.00.

Petitioner did not file any notice of appeal in docket No. 21830-89. Accordingly, the Court's decision in that docket has long been final. See secs. 7481(a)(1), 7483.

D. Taxable year 1983

On June 15, 1990, respondent issued a notice of deficiency to petitioner determining a deficiency of $167,381 in his Federal income tax for 1983. Respondent also determined that petitioner was liable for additions to tax under section 6653(b)(1) and (2) for fraud and under section 6661 for substantial understatement of liability.

Although petitioner contends that he did not receive the notice of deficiency for 1983, the record shows that he did.[3] On September 12, 1990, petitioner filed an imperfect petition with the Court (assigned docket No. 20618-90). On January 10, 1991, the Court entered an Order of Dismissal for Lack of Jurisdiction in that docket on the ground that petitioner had failed to file a proper amended petition or pay the requisite filing fee within the time prescribed by the Court. Although the Court, pursuant to its normal procedure, has destroyed all of its records in docket No. 20618-90 with the exception of the above-referenced order of dismissal, both the Court's docket record and respondent's records show that the Court served respondent with a copy of the petition on September 17, 1990. Respondent's records also show that attached as an exhibit to the copy of the petition served on respondent were the first two pages of the notice of deficiency dated June 15, 1990. In serving petitions on respondent, see Rule 21(b)(1), it has long been the Court's practice to photocopy and serve at least the letter portion of any notice of deficiency that accompanies the petition.

Petitioner did not file any notice of appeal from the Court's order of dismissal. Accordingly, such order has long

---

[3] We note that the notice of deficiency for 1983 was mailed to petitioner at the same Eufaula, Alabama, address that petitioner had used in the docketed cases described above for 1981 and 1982 and the same address that petitioner is using in the instant case.

been final.  See secs. 7481(a)(1), 7483.

E. District Court Collection Suit

In or about March 1996, the United States commenced a civil action against petitioner in the U.S. District Court for the Middle District of Alabama.  The action, which sought to reduce the Government's tax claims for 1980 through 1982 to judgment, prayed that the Court find the "defendant, Robert C. MacElvain, indebted to the United States in the amount of $2,091,477.76, as of March 18, 1996, for unpaid federal income tax liabilities for calendar years 1980, 1981, and 1982, plus further accruals of interest and statutory additions thereon according to law, and that judgment be entered in favor of plaintiff United States of America for that amount."

Petitioner participated actively in the foregoing action, asserting a variety of defenses, specifically including the statute of limitations.

In April 1997, the District Court entered judgment in favor of the United States and against petitioner "for unpaid taxes, interest, penalties and lien fees for the years 1980, 1981 and 1982 * * * in the amount of $2,091,477.76 plus interest and statutory additions as allowed by law".[4]

---

[4]  The District Court's judgment made clear that the sum of $2,091,477.76 represented "the amount due and payable through March 18, 1996" and did not include "additional interest, penalties or fees which may have accrued since that time."

F. <u>Administrative Collection Matters</u>

On January 29, 1999, respondent mailed a final notice of intent to levy to petitioner. See sec. 6331. The notice states that petitioner owes taxes, interest, and penalties for the years and in the amounts as follows:

| Year | Amount |
|------|--------|
| 1980 | $ 793,308.52 |
| 1981 | 1,632,232.54 |
| 1982 | 278,290.41 |
| 1983 | 1,278,878.58 |
| 1984 | 175,098.63 |
| 1985 | 404,236.97 |
| 1986 | 196,256.57 |

The notice also states that respondent is preparing to collect these amounts and that petitioner would be given 30 days to request an Appeals Office hearing.

Petitioner timely requested a hearing with respondent's Appeals Office. In particular, petitioner argued that "the time for making an assessment for all the periods listed on your 'NOTICE OF INTENT TO LEVY' was negated on May 8, 1987".

On September 29, 1999, the Appeals Office issued a Notice of Determination Concerning Collection Actions to petitioner stating that respondent would proceed with collection. The determination letter makes reference to petitioner's challenge to the validity of the assessments and states that, because petitioner had an earlier opportunity to dispute the underlying tax liabilities, that issue would not be addressed by the Appeals Office.

G. Commencement of the Present Case

On October 27, 1999, petitioner filed with the Court a petition for review of respondent's determination to proceed with collection.[5] The petition includes an allegation that petitioner is not liable for the underlying taxes because of the expiration of the period of limitations on assessment for the years in issue and government fraud.

After filing an answer to the petition, respondent filed a Motion for Partial Summary Judgment. Respondent contends that, because petitioner received notices of deficiency for the taxable years 1980, 1981, 1982, and 1983 (and therefore was presented with an earlier opportunity to contest his tax liabilities for those years), petitioner is precluded by statute from contesting the underlying taxes for those years in this proceeding. Petitioner filed an opposition to respondent's motion.

This matter was called for hearing at the Court's motions session in Washington, D.C., on September 6, 2000. Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion. Petitioner appeared at the hearing and offered argument in opposition to respondent's motion. Petitioner also offered the testimony of a witness,

_____

[5] The petition was filed pursuant to Title XXXII of the Court's Rules of Practice and Procedure governing Lien and Levy Actions.

At the time that the petition was filed, petitioner resided in Eufaula, Alabama.

Victoria Osborn. The Court rejected Ms. Osborn's proposed testimony after a brief voir dire revealed that she did not have any firsthand knowledge regarding petitioner's above-described Tax Court cases assigned docket Nos. 37347-84, 29751-88, 21830-89, and 20618-90.

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the taxpayer. Section 6331(d) provides that the Secretary is obliged to provide the taxpayer with notice before proceeding with collection by levy on the taxpayer's property, including notice of the administrative appeals available to the taxpayer.

In the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide protections for taxpayers in tax collection matters. Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of, and the opportunity for, an administrative review of the matter (in the form of an Appeals Office hearing); if dissatisfied with the outcome of such hearing, the taxpayer

may seek judicial review of the administrative determination in either the Tax Court or a Federal District Court, during which review the suspension of the levy continues.

Section 6330(c)(2)(B) provides that the existence or the amount of the underlying tax liability can be contested at an Appeals Office hearing if the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute such tax liability. Section 6330(d)(1)(A) provides that a taxpayer may file a petition for review of the Commissioner's administrative determination with the Tax Court if the Court has jurisdiction of the underlying tax liability.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

In <u>Goza v. Commissioner</u>, 114 T.C. 176 (2000), we explained that section 6330(c) provides for an Appeals Office hearing to address collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection activities, and possible alternative means of collection. The taxpayer in <u>Goza</u> had received a notice of deficiency, yet failed to file a petition for redetermination with the Court. When the taxpayer subsequently attempted to use the Court's procedures governing Lien and Levy Actions as a forum to assert frivolous and groundless constitutional arguments against the Federal income tax, we cited the statutory limitation imposed under section 6330(c)(2)(B) and dismissed the petition for failure to state a claim upon which relief could be granted.[6]

Based on our review of the record in this case, we hold that there is no dispute as to a material fact and that respondent is entitled to partial summary judgment as a matter of law. In particular, the record in the instant case shows that petitioner received notices of deficiency for the taxable years 1980, 1981, 1982, and 1983. Morever, petitioner filed petitions with the Court contesting those notices. As previously discussed, those petitions were disposed of either by stipulated decision, order

---

[6] In <u>Goza v. Commissioner</u>, 114 T.C. 176 (2000), the Commissioner moved to dismiss for failure to state a claim before filing an answer. In the present case, respondent did not move for partial summary judgment until well after the case was at issue within the meaning of Rule 38.

of dismissal and decision, or order of dismissal for lack of jurisdiction. Under the circumstances, section 6330(c)(2)(B) clearly bars petitioner from contesting the existence or amount of his tax liabilities for those years before the Appeals Office or the Court.[7] Petitioner failed to raise a spousal defense or challenge respondent's proposed levy by offering a less intrusive means for collecting the taxes in either the Appeals Office hearing or in his Lien and Levy Action petition filed with the Court. See sec. 6330(c)(2)(A). These issues are now deemed conceded. See Rule 331(b)(4).

Petitioner has failed to state a justiciable claim for relief in this Lien and Levy proceeding with respect the taxable years 1980, 1981, 1982, and 1983. Petitioner's claim that the period of limitations for assessment expired on May 8, 1987, for these years constitutes a challenge to the existence of the underlying tax liabilities. Section 6330(c)(2)(B) precludes review of those tax liabilities in this proceeding.[8]

---

[7] Petitioner's liabilities for the taxable years 1980 through 1982 are established by the Court's decisions entered in docket Nos. 37347-84, 29751-88, and 21830-89, which decisions are all final. The doctrine of res judicata precludes petitioner from relitigating his liabilities for those years. See, e.g., Krueger v. Commissioner, 48 T.C. 824, 829-830 (1967).

[8] We note that petitioner's "defense" of the statute of limitations appears to ignore a number of statutory provisions, among them sec. 6501(c)(1), providing for an unlimited period of limitations in the case of a false or fraudulent return with the intent to evade tax, and sec. 6503, providing for the suspension of running of the period of limitations under various circumstances, including the issuance of a notice of deficiency.

(continued...)

In view of the foregoing, we hold that respondent's determinations to proceed with collection for the taxable years 1980, 1981, 1982, and 1983 are correct.  Accordingly, we shall grant respondent's Motion for Partial Summary Judgment.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued granting</u>

<u>respondent's Motion for Partial</u>

<u>Summary Judgment</u>.

---

[8](...continued)
We also note that the District Court considered, and rejected, a statute of limitations defense that petitioner asserted in the civil collection action described <u>supra</u>.